UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 05 B 41807 |
| Antonette Coburn, | ) | Hon. Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | |

### Second and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi, as Trustee

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Antonette Coburn, debtor ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of final compensation in the amount of $7,858.00 for services rendered by him as trustee in this case, of which $2,730.00 was previously paid to Trustee as interim compensation and $5,128.00 remains unpaid ("Unpaid Compensation"). In support thereof, Trustee respectfully states as follows:

### Introduction

1. Debtor commenced this case on September 29, 2005 by filing a voluntary petition for relief under chapter 7 of title 11, United States Code ("Code").

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The principal asset belonging to this Estate was a parcel of real estate improved by a single family residence located at 2707 W. 84th Place, Chicago, IL 60632 ("84th Street Property"). Debtor owned the 84th Street Property with her estranged husband, Maze Coburn. At the time this case was filed, a contract for the sale of the 84th Street Property was pending. Trustee reviewed the contract and obtained an order of this Court authorizing him to sell the Estate's interest in the Property. Trustee closed

the sale of the 84th Street Property in January of 2006 and collected gross proceeds of $270,000.00 on behalf of the Estate.

## Prior Compensation

4. This is the second and final application ("Application") for allowance of compensation filed by Trustee in this case.

5. Pursuant to his first application filed in this case on October 26, 2006 ("First Application Date"), the Trustee was awarded interim compensation in the amount of $2,730.00 for services rendered in the case from the Petition Date through October 25, 2006.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case, except to the extent of the interim compensation awarded and referenced above.

## Services Rendered by Trustee

7. Since the First Application Date, Trustee has performed 13.10 hours of actual, necessary and valuable services on behalf of the Estate with a total value of $2,407.00. Itemized billing statements describing the Trustee's services are attached hereto as Exhibit A. Those services include but are not limited to the following:

A. <u>Analysis of Estate Assets</u>: Trustee has reviewed and analyzed real estate appraisals of the remaining parcels of real property for which the Debtor had an interest; Trustee determined that there was no equity in either parcel of real estate; Trustee seeks to abandon these properties at the final hearing;

B. <u>Investment of Estate Funds</u>: Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

C. <u>Maintenance of Case Management System</u>: Trustee set up and maintained a computerized case management system for the Estate in order to

efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

D. <u>Reporting</u>: Trustee compiled information and prepared all reports required to be filed with the office of the United States Trustee, including his semi-annual reports; and

E. <u>General Administration</u>: Trustee otherwise administered this Estate and directed the liquidation and preservation of assets of the Estate for the benefit of the creditors; Trustee reviewed the claims filed in this case; Trustee oversaw the Trustee's Accountants on the preparation of Estate tax returns; and Trustee prepared and filed his Final Report and related documents including Notice of Final Hearing and Proposed Distribution Report.

### Funds Collected and Disbursed by Trustee

7. To date, Trustee has collected a total of $270,435.34 for the Estate and has disbursed $245,638.62 in this case. The Trustee holds $24,796.72 in the Estate's bank accounts as of the date hereof. A copy of the *Form 1 Individual Estate Property Record and Report* showing the disposition of the assets of this Estate and *Form 2 Estate Cash Receipts and Disbursements Record*, showing the receipts and disbursements of the Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits B and C, respectively.

### Compensation Requested

8. From his appointment through the First Application Date, Trustee rendered 11.40 hours with a value of $2,730.00 on behalf of the Estate. Since the First Application Date, Trustee has spent 13.20 hours rendering services on behalf of this Estate with a value of $2,231.00. In addition, Trustee anticipates that he will spend an additional four (4) hours of service with a total value of $980.00 to appear at the final

3

hearing, prepare and file his final distribution report, make the final distribution and prepare and file his Final Account.

9. The maximum compensation allowable to Trustee, in this case, pursuant to section 726 of the Code and, based upon the receipts[1] and the disbursements listed above, is as follows:

| | |
|---|---|
| 25% of the first $5,000.00 collected | $1,250.00 |
| 10% of the next $45,000.00 collected | $4,500.00 |
| 5% of the next $199,335.72 collected | <u>$9,966.77</u> |
| Total Compensation Allowable | $15,716.77 |
| Total Compensation Requested | $7,858.00 |

10. Based upon the caliber of the services rendered by Trustee, the results achieved, and the difficulties presented in this case, Trustee requests allowance of final compensation for his services rendered as trustee from the time of his appointment through the close of this case in the amount of $7,858.00. This amount represents reasonable compensation for the services rendered by Trustee and is fifty percent (50%) of the maximum compensation allowable as set forth in paragraph 9 above. Of this amount, $2,730.00 previously has been paid and $5,128.00 remains unpaid ("Unpaid Compensation").

11. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

12. Trustee requests that he be authorized to pay the Unpaid Compensation requested herein from Estate funds in his possession as part of his final distribution.

### Status of the Case

---

[1] The $21,100 paid to Debtor's ex-spouse representing his 50% interest in the proceeds from the sale of the 84th Street Property was excluded from the calculation of the Trustee's compensation.

13. Trustee has liquidated all of the Estate's assets and has filed his Final Report simultaneously herewith. Final Fee Applications of the Trustee's Accountants and Trustee's Attorneys have also been filed simultaneously herewith.

14. Trustee anticipates that after payment of the Estate's administrative creditors, the Estate's general unsecured creditors will receive a distribution in excess of 11% of allowed claims.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Antonette Coburn, debtor, requests the entry of an order providing the following:

A. Allowing Trustee final compensation in the amount of $7,858.00 for actual and necessary professional services rendered on behalf of this Estate from the time of his appointment through through the close of this case;

B. Authorizing Trustee to disburse the Unpaid Compensation in the amount of $5,128.00 after the Trustee's Final Distribution Report is filed with the Court; and

C. For such other and further relief as this Court deems appropriate.

Dated: September 26, 2007         Joseph A. Baldi, as trustee

                                  By:_____/s/_____
                                         Joseph A. Baldi

Joseph A. Baldi ID No. 00100145
Elizabeth C. Berg ID No. 6200886
Joseph A. Baldi & Associates
Suite 1500, 19 South LaSalle Street
Chicago, IL 60603
(312) 726-8150

**Trustee's Itemized Billing Statements**

Exhibit A

# Joseph A. Baldi & Associates, P. C.
## 19 S. LaSalle Street
## Suite 1500
## Chicago, IL 60603

Phone: (312) 726-8150
Fax:  (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

Antonette Coburn
Joseph A. Baldi, trustee
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

September 25, 2007
Invoice No:  943

**In Reference to:**  *Coburn - Trustee Matters*

## *Professional Services*

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 11/20/2006 | ECB1 | Process October 2006 bank statements; reconcile bank accounts | 0.20 $140.00/ hr | $28.00 |
| 11/22/2006 | ECB1 | Input and update TR claim database to include administrative claims (.3) Prep checks for payment of interim compensation awards (.2) | 0.50 $140.00/ hr | $70.00 |
| 12/05/2006 | ECB1 | Meet with Alfreda Baron on supplement audit review | 0.20 $140.00/ hr | $28.00 |
| 12/18/2006 | ECB1 | Process November 06 bank statements; Reconcile accounts | 0.20 $140.00/ hr | $28.00 |
| 12/26/2006 | ECB1 | Initial review of Form 3 Notes for TR 2006 Annual Report to UST | 0.10 $140.00/ hr | $14.00 |
| 1/10/2007 | ECB1 | Follow-up memo to UST in response to 06 audit | 0.10 $140.00/ hr | $14.00 |
| 1/15/2007 | ECB1 | Process Dec.06 bank statements; Reconcile estate accounts | 0.20 $140.00/ hr | $28.00 |
| 1/23/2007 | ECB1 | Run transaction report and review disbursements for 2006 (.3) Review IRS 1099 Instructions for 2006 (.1) Prep draft of estate 1099 (.1) | 0.50 $140.00/ hr | $70.00 |
| 2/07/2007 | ECB1 | Prep of 2006 annual reports | 1.20 $140.00/ hr | $168.00 |
| 2/15/2007 | ECB1 | Process January 2007 bank statements (.1) Reconcile trustee bank accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 2/19/2007 | ECB1 | Prepare Form 1096 for transmittal of 1099's to IRS | 0.20 $140.00/ hr | $28.00 |

**Joseph A. Baldi & Associates, P. C.**                                             9/25/2007

Coburn - Trustee Matters                                                          Page    2

---

| Date | Staff | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 2/20/2007 | ECB1 | Prepare Blanket Bond Report (.1) Prep premium check and transmittal to International Sureties (.1) | 0.20 $140.00/hr | $28.00 |
| 3/19/2007 | ECB1 | Process February 2007 bank statements; Reconcile accounts | 0.20 $140.00/hr | $28.00 |
| 4/16/2007 | ECB1 | Process March 2007 bank statements (.1) Reconcile accounts (.1) | 0.20 $140.00/hr | $28.00 |
| 5/15/2007 | ECB1 | Finalize 2006 year end Form 1 and Form 2 per UST follow up on annual review (.1) File same and email confirmation to UST (.1) | 0.20 $140.00/hr | $28.00 |
| 5/29/2007 | ECB1 | Process April 2007 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20 $0.00/hr | $0.00 |
| 6/12/2007 | ECB1 | Process May 2007 bank statements (.1) Reconcile TR's bank accounts (.1) | 0.20 $160.00/hr | $32.00 |
| 7/27/2007 | JAB | Confer with RKP on closing issues, retention of accountant for tax returns. | 0.50 $400.00/hr | $200.00 |
| 8/15/2007 | ECB1 | Process July 07 bank statements (.1) Reconcile TR's accounts (.1) | 0.20 $160.00/hr | $32.00 |
| 8/20/2007 | ECB1 | Analyze administrative fees and email Accountant (.4) Prep closing memo for RKP (.5) | 0.90 $160.00/hr | $144.00 |
| 8/20/2007 | JAB | Review file, review closing issues with ECB. | 0.40 $400.00/hr | $160.00 |
| 9/05/2007 | RKP | Draft Trustee's Final Report (1.0); Exhibit A (.5); proposed distribution report (.5); review and edit Trustee's final report package (.5). | 2.50 $150.00/hr | $375.00 |
| 9/11/2007 | ECB1 | Edit Trustee's final report package per J. Baldi (.8); compile documents in support of Trustee's Final Report (1.0): prepare Trustee's Final Report package for submission to UST (1.0). | 2.80 $160.00/hr | $448.00 |
| 9/17/2007 | JAB | Process August 07 Bank Statements and reconcile accounts | 0.20 $400.00/hr | $80.00 |
| 9/25/2007 | ECB1 | Continued Work on TFR | 0.90 $160.00/hr | $144.00 |

                                            Total Hours    13.20    Total Fees    $2,231.00

**Joseph A. Baldi & Associates, P. C.**

Coburn - Trustee Matters

9/25/2007

Page    3

|  |  |
|---|---|
| Total New Charges | $2,231.00 |
| Previous Balance | $2,730.00 |
| **Payment:** 11/22/200( 1001 Antonette Coburn $-2,730.00 | |
| Total Payments and Credits | $-2,730.00 |
| Balance Due | $2,231.00 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Elizabeth (1) C Berg | 4.40 | $140.00 |
| Elizabeth (1) C Berg | 0.20 | $0.00 |
| Elizabeth (1) C Berg | 5.00 | $160.00 |
| Joseph A Baldi | 1.10 | $400.00 |
| Ricki K Podorovsky | 2.50 | $150.00 |

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 05 B 41807 |
| Antonette Coburn, | ) | Hon. Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook   )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Second and Final Application for Allowance and Payment Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendency of this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on September 26, 2007

_____
Notary Public

"OFFICIAL SEAL"
Elizabeth C. Berg
Notary Public, State of Illinois
My Commission Exp. 06/16/2008

**Exhibit B**